**CLD-185** **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 22-1311
_____

UNITED STATES OF AMERICA

v.

MARKWANN LEMEL GORDON,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:99-cr-00348-002)
District Judge:  Honorable Harvey Bartle III
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 30, 2022
Before: AMBRO, SHWARTZ and BIBAS, <u>Circuit Judges</u>

(Opinion filed: July 8, 2022)

_____

_____

OPINION[*]

_____

**PER CURIAM**

In December 1999, following a jury trial in the United States District Court for the Eastern District of Pennsylvania, Markwann Lemel Gordon was convicted of seven counts each of: conspiracy to commit bank robbery, see 18 U.S.C. § 371; armed bank robbery, see id. § 2113(d); and using and carrying a firearm during and in relation to a crime of violence, see id. § 924(c). The District Court sentenced Gordon to 1500 months in prison for the seven armed robberies, followed by 188 months' imprisonment on the remaining counts. We affirmed. United States v. Gordon, 290 F.3d 539 (3d Cir. 2002).

In January 2021, while he was incarcerated at FCI-Coleman in Florida, Gordon filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[1] Gordon argued that the following factors constituted "extraordinary and compelling reasons" warranting a reduction in his sentence: changes in the § 924(c) sentencing scheme since the time of his sentencing; the draconian length of his sentence; his young age when he committed the crimes; the disparity between his sentence and those of his co-conspirators; the steps he has taken toward rehabilitation; and the risk of serious illness posed by COVID-

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] It is undisputed that Gordon complied with § 3582(c)(1)(A)'s thirty-day lapse provision by filing a request for compassionate release with his warden before turning to the District Court. See 18 U.S.C. § 3582(c)(1)(A).

2

The District Court rejected his arguments and denied relief.[2]  Gordon appealed.  The Government now moves for summary affirmance.

We have jurisdiction under 28 U.S.C. §1291.  We review the District Court's ruling on a motion for compassionate release under 18 U.S.C. §3582(c)(1)(A) for an abuse of discretion.  See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).

We grant the motion and will summarily affirm the District Court's judgment because "no substantial question is presented" by the appeal.[3]  3d Cir. L.A.R. 27.4.  First, although Gordon correctly notes that he would have received a lesser sentence had he been sentenced today, we have made clear that "Congress's nonretroactive sentencing reductions [to §924(c)] are not extraordinary and compelling reasons for purposes of §3582(c)(1)(A)."  United States v. Andrews, 12 F.4th 255, 262 (3d Cir. 2021).  This reasoning also undermines Gordon's argument that the duration of his sentence alone is a basis for his release.  See id.  Next, the District Court correctly concluded that Gordon's rehabilitative efforts, while laudable, likewise did not meet the §3582 criteria.  See 28 U.S.C. §994(t) (providing that "rehabilitation  . . . alone shall not be considered  an extraordinary and compelling reason" for a sentence reduction).  Finally, we see no clear error of judgment in the District Court's determinations that Gordon's age when he committed the crimes, the disparity between his sentence and those of his co-conspirators

---

[2] Because the District Court concluded that Gordon did not demonstrate "extraordinary and compelling reasons" justifying his release, it did not consider the factors set forth in 18 U.S.C. §3553(a).  See 18 U.S.C. §3582(c)(1)(A).

[3] We also grant the Government's request for leave to file its motion for summary affirmance out of time.

(who pleaded guilty), and his concerns regarding COVID-19 did not amount to "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i).  We have considered Gordon's objections to the District Court's exercise of its discretion and conclude that they are meritless.

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.  The Government's motion to be relieved from filing a brief is granted.